**AIR WISCONSIN PILOTS PROTECTION COMMITTEE, James M. Fenske, Gary M. Pelach, Richard M. Magiera, and Thomas K. Bly, Plaintiffs,**

v.

**Clifford R. SANDERSON, Trustee, and Acting Chairman of Air Wisconsin Master Executive Council; and Air Line Pilots Association International, Defendants.**

No. 87 C 3382.

United States District Court, N.D. Illinois, E.D.

Nov. 17, 1988.

---

**616**

Arthur M. Wisehart, Steven Lim, Wisehart & Koch, New York City, Harvey Silets, Susan W. Brenner, Silets & Martin, Ltd., Chicago, Ill., for plaintiffs.

Irving M. Friedman, Michael B. Erp, Katz, Friedman, Schur & Eagle, Chicago, Ill., Thomas J. Kassin, Michael H. Campbell, Ford & Harrison, Atlanta, Ga., Craig A. Chapello, Pretzel & Stouffer, Chtd., Chicago, Ill., Robert S. Savelson, Cohen, Weiss & Simon, New York City, for defendants.

## MEMORANDUM ORDER

ZAGEL, District Judge.

Plaintiffs originally brought suit against Clifford Sanderson, Trustee and Acting Chairman of Air Wisconsin Master Executive Council; the Air Line Pilots Association International (ALPA) and Air Wisconsin, Inc. alleging violation of the Railway Labor Act, 45 U.S.C. secs. 151 *et seq.*, the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. secs. 401 *et seq.* and the union's duty of fair representation. I dismissed Air Wisconsin as a defendant in this action on September 2, 1987 because it was neither a necessary nor indispensable party. Plaintiffs attempted to replead the claim against Air Wisconsin through a motion to amend the complaint. On April 6, 1988 I denied this motion because the additional allegations contained in the proposed complaint failed to repair the defects of the original complaint against Air Wisconsin.

In an order dated August 30, 1988, I granted Air Wisconsin's motion for sanctions pursuant to Rule 11, Fed.R. Civ.P., with respect to plaintiffs' attempts to replead Air Wisconsin as a defendant after this court had originally dismissed the complaint. This court denied sanctions with respect to plaintiffs' pleadings in the original complaint. Plaintiffs and their attorneys are unsatisfied with the order directing sanctions and request a modification and clarification of the ruling. I now provide additional explanation to show that in their motions before this court plaintiffs repeatedly failed to plead facts which justified a claim against Air Wisconsin, plaintiffs cited inapplicable authority and plaintiffs have caused unnecessary and vexatious litigation.

Plaintiffs contend that they have new evidence of collusion between ALPA and Air Wisconsin, and therefore, Air Wisconsin should once again be included as a defendant in this suit. Plaintiffs fail to provide any facts which evidence collusive

behavior or unreasonable conduct between Air Wisconsin and ALPA. ALPA, the certified representative of Air Wisconsin employees, and Air Wisconsin, the employer, have a legal obligation to bargain with each other and the communications between the two, which plaintiffs argue show collusion, are nothing more than bargaining pursuant to this recognized duty.[1]

Plaintiffs insist that such cases as *Frandsen v. Brotherhood of Railway Steamship Clerks*, 782 F.2d 674 (7th Cir. 1986) and *United Indep. Flight Officers v. United Air Lines*, 756 F.2d 1262 (7th Cir. 1985), indicate that it is the "procedural norm" to include the employer as a defendant in suits under the Railway Labor Act. Plaintiffs correctly point out that this court refused to apply *Frandsen*. This is, quite simply, because *Frandsen* is not applicable to this case. The issue in *Frandsen* is whether the federal court has jurisdiction to entertain the conspiracy claim against the employer arising under the Railway Labor Act. The issue here, however, is whether plaintiffs have sufficient facts to state a claim of conspiracy or collusion against Air Wisconsin.

Likewise, *United Indep. Flight Officers* is not appropriate authority for holding that generally an employer is liable together with the union for an alleged breach of the duty of fair representation. 756 F.2d 1274. In *United Indep. Flight Officers* the Seventh Circuit notes that an employer will be liable with the union if there is evidence of collusion, the court emphasizes, however, that negotiation between the employer and union is not evidence of collusion. *Id.* at 1283.[2] Even permitting plaintiffs a liberal reading of the case-law they cite as authoritative in this case, plaintiffs' conclusion that it would follow the "procedural norm" to include Air Wisconsin as a defendant is erroneous.

▮ Mr. Arthur Wisehart, one of plaintiffs' attorneys, also misunderstands the basis of this court's ruling on sanctions. The reference to Mr. Wisehart's role in *Secon Serv. Sys. Inc. v. St. Joseph Bank and Trust Co.*, 855 F.2d 406, 418 (7th Cir. 1988), was not as Mr. Wisehart contends "the linchpin of the Court's opinion awarding sanctions", but merely an aside, attempting to remind the attorney to consider carefully the authority he cites.[3]

1. According to plaintiffs, remarks by the former ALPA Trustee, Mr. Hale, in his deposition and certain exhibits to the deposition evidence collusion between Air Wisconsin and ALPA. After reviewing the sections of the deposition and the exhibits noted by plaintiff, we are still not convinced that there is any reasonable basis to allege wrongdoing or that Air Wisconsin is a proper defendant in this action. In particular, plaintiffs assert that the collusion is apparent in a letter dated July 15, 1988, between the ALPA Trustee and the President of Air Wisconsin, Inc. This letter does not demonstrate collusion, to the contrary the letter expresses ALPA's displeasure over Air Wisconsin's route changes implemented in September, 1988 and thus demonstrates that ALPA and Air Wisconsin are conducting a true bargaining relationship. The ALPA Trustee, Mr. Hale, asserts in the letter:

I have no choice but to use all legal means at my disposal to insure the protection of our pilots' employment rights. This will include, but not be limited to the following:
1. any or all grievance machinery available through the Air Wisconsin Pilots' Working Agreement;
2. direct negotiations with the Company in an attempt to resolve violations of Section 23F and Q of the current Collective Bargaining Agreement plus any and all related issues; and

3. any appropriate different or other legal action available.
Plaintiffs' counsel, in short, has misread the letter in an effort to show some basis in fact for claims against the airline.

2. In their reply plaintiffs argue that although the word "collusion" is not specifically used in their complaint against Air Wisconsin and ALPA, it is sufficient that the operative facts are pled to legitimize their repeated attempts to replead Air Wisconsin as a defendant and to cause this court to vacate the order for sanctions. As support plaintiffs cite to *Lebovitz v. Miller*, where the Seventh Circuit reversed the district court's award of sanctions under Rule 11. 856 F.2d 902 (7th Cir.1988). In *Lebovitz*, the district court believed that there was no evidence that defendant-Miller was "in cahoots" with others, but conceded that "some sort of wrongdoing was afoot." *Id.* at 906. In this case, as discussed in this opinion, plaintiffs have failed to present evidence of illegal activity and therefore because plaintiffs persist in asserting a claim previously reviewed and rejected by this court, sanctions are appropriate.

3. *Secon* involved several claims by Secon Service System, Inc. ("Secon"), against St. Joseph Bank & Trust Co. ("Bank") and six individuals. Through their counsel Mr. Wisehart, *Secon* al-

For the reasons stated above and in the Order dated August 30, 1988, this court's ruling on sanctions remains intact. In addition, sanctions are authorized against Mr. Wisehart with respect to this motion. With respect to the portions of plaintiff's motion dealing with the amendment of the complaint not yet ruled on, the plaintiff may renew the motion before this court.

Air Wisconsin shall submit its request for costs, expenses and fees within 14 days. Objections to the request shall be filed within 14 days.

leged that defendant committed various fraudulent acts, including violations of federal securities laws and the Racketeer Influenced and Corrupt Organizations Act. The complaint arose out of a bankruptcy court's approval of a bankruptcy plan for Indiana Refrigerator Lines (IRL) which limited Secon's rights as a creditor of IRL. Among other contentions which the Seventh Circuit found unpersuasive, Mr. Wisehart argued that the Bank made direct statements that it would support IRL. In support of this allegation Mr. Wisehart cited the following statements made in a deposition where he examines Nogg, the Purchaser of IRL, about negotiations between Nogg and the Bank's CEO, Rosenthal. Mr. Wisehart was also present at these negotiations on behalf of IRL:

> Wisehart: I am asking whether prior to the signing of this agreement, as an inducement for signing the agreement, anyone from the bank made statements about providing necessary working capital.... And at that time, prior to the signing of that agreement, I was present was I not?
> Nogg: To finish the answer to the question that you gave, Mr. Wisehart, the fact that you were present—and I don't have to refresh your memory—it was at that very meeting that Mr. Rosenthal very emphatically told us that money would be available and you heard that—
> Wisehart: Right.
> Nogg: —and I don't need to refresh your memory on that.

The Seventh Circuit pointed out that at the time the conversation took place Mr. Wisehart was a prospective member of the IRL Board and not acting as Secon's counsel. Thus, the court of appeals noted that as litigation counsel to Secon Mr. Wisehart is in a position of "arguing the credibility of his own testimony (or at least leaving us wondering about his failure to present it, rather than relying on Nogg's hearsay account of what Rosenthal told Wisehart"). It is at this point that the court of appeals questions Mr. Wisehart's recollection of the "standards of professional responsibility under which he [Mr. Wisehart] practices" because Mr. Wisehart's position violates DR–S–101(B). DR–S–101(B) which was in effect both in New York where Mr. Wisehart conducts his law practice and in Indiana where the deposition was taken, at the time this deposition was taken, states:

> "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness."